IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STANCIA ROSA-PHILLIPS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 23-84 |
| | : | |
| **U.S. DEPARTMENT OF LABOR** | : | |
| **OWCP/DFEC** | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                                                           **June 7, 2023**

## I.   Introduction

Stancia Rosa-Phillips is a mail carrier who was struck by an automobile while she was on the job.  She received about $4,500 of workers' compensation from the Department of Labor, and also hired a lawyer, who obtained a $25,000 settlement from the driver's insurance company.  She would need to pay the government back for the workers' compensation, but in spite of repeated efforts, her lawyer could not get the government's attention.  So Ms. Rosa-Phillips sought and (surprisingly) obtained an order from state court that waived the government's lien on the settlement.

The government eventually woke up and decided it had to do something about this $4,500.  It removed the two-year old state court case and now asks us to vacate the state court order.  To reach this objective, the government needs us to run a bit of an obstacle course.  It begins with us agreeing that the doctrine of derivative jurisdiction gives us the same subject-matter jurisdiction that the state court possessed prior to removal.  It continues with us concluding the state court did not have subject-matter jurisdiction because there was no applicable waiver of the government's sovereign immunity.  Having concluded the state court should not have heard the case, the last hurdle is to vacate the state court's order for this reason.

We agree with the government to a point.  Our first task — deciding whether we have subject-matter jurisdiction — leads us to conclude the government is entitled to sovereign immunity.  So, the government's facial attack on jurisdiction succeeds, and we have no subject-matter jurisdiction to adjudicate the action.  But, lacking subject-matter jurisdiction ourselves, we will not grant the relief the government seeks: vacatur of the two-year old state court order and reinstatement of the government's right to recover part of the postal employee's settlement.  We therefore deny the government's motion to vacate as moot and dismiss for lack of subject-matter jurisdiction.

## II.     Background[1]

On January 17, 2020, Ms. Rosa-Phillips — a United States Postal Service employee — was in an automobile accident.  DI 1-3 ¶ 1.  She suffered sprained ligaments in her spine.  *Id.* Ex. A.  The federal government — specifically, the Office of Workers' Compensation Programs (OWCP) — agreed to cover the expenses she incurred to treat her injuries.  *Id.* ¶ 3.

In May 2020, Ms. Rosa-Phillips's attorneys asked OWCP about any potential lien it may have on a settlement between Ms. Rosa-Phillips and the third party involved in the accident.  *Id.* ¶ 4.  In response, OWCP asked Ms. Rosa-Phillips to provide "written authorization" so it could communicate with her about her claim.  *Id.* Ex. B.  Ms. Rosa-Phillips's attorneys sent her authorization one month later, along with a follow-up request to provide "any lien information related to" the accident.  *Id.* Ex. C.  The lien information would entitle OWCP to portions of any potential settlement.  *See id.*  Without the lien information, Ms. Rosa-Phillips's attorneys could

---

[1] We derive the factual allegations from Ms. Rosa-Phillips's Petition to Produce Final Lien filed in Pennsylvania state court.  *See* DI 1-3.

not distribute settlement funds.  *Id.* ¶ 17.

In July 2020, settlement discussions picked up between Ms. Rosa-Phillips and the adjuster for the third party.  *Id.* ¶ 7.  Ms. Rosa-Phillips's attorneys asked OWCP again on July 22, 27, and 28, about any potential lien — with no response.  *Id.* ¶¶ 8, 9, 10, 11.  On July 29, Ms. Rosa-Phillips agreed to release her claims against the third party in exchange for $25,000.  *Id.* ¶¶ 12, 13.

Still missing the information needed to disperse the settlement funds, Ms. Rosa-Phillips's attorneys inquired again with OWCP on August 17 and 26.  *Id.* ¶¶ 14, 15.  OWCP did not respond.  "As a result of th[e] lengthy and inexcusable delay," Ms. Rosa-Phillips petitioned a Pennsylvania state court on October 8, 2020, to compel OWCP to produce any lien information, or alternatively, waive its rights to any lien.  *See id.* ¶¶ 18-19.

Ms. Rosa-Phillips's petition went uncontested for three months until the Pennsylvania state court granted it.  *See* DI 1-4.[2]  Granting the petition left OWCP with two options: produce any lien information within ten days, or waive its ability to claim a lien on Ms. Rosa-Phillips's settlement.  *See id.*  OWCP did neither.

### III. OWCP's Motion

On January 9, 2023, about two years after the state court granted Ms. Rosa-Phillips's petition, OWCP removed the action here.  *See generally* DI 1.[3]  At oral argument, OWCP

---

[2] We "may take judicial notice of the record from a state court proceeding."  *McDonough v. UGL UNICCO*, 766 F. Supp. 544, 545 n.7 (E.D. Pa. 2011).

[3] OWCP tells us that the state court action was still "active" at the time of removal, but did not explain what the consequences of that status may be.  DI 2 at 3.  And at oral argument, OWCP added that the COVID-19 pandemic caused the delay in responding to petitions or

explained that the COVID-19 pandemic caused the delay in learning of and responding to Ms. Rosa-Phillips's petition.  In its motion, OWCP suggests that it never appeared in state court because Ms. Rosa-Phillips may not have effectuated proper service of her petition, thus, it never had legal notice of the action.  *See* DI 2 at 3.

Now, OWCP moves to vacate the state court's order and dismiss Ms. Rosa-Phillips's petition under Federal Rule of Civil Procedure 12(b)(1).  *See id.*  It makes four arguments in support.

First, OWCP argues it is entitled to sovereign immunity as an agency of the federal government.  *See id.* at 4-6.  OWCP maintains that, absent any "express waiver" of immunity, the state court lacked authority to grant Ms. Rosa-Phillips's petition.  *See id.*  It follows, according to OWCP, that we do not acquire jurisdiction upon removal under the doctrine of derivative jurisdiction.  *Id.* at 6; *see infra* Part V.

Second, OWCP argues Ms. Rosa-Phillips's attorneys should have never distributed the settlement funds to Ms. Rosa-Phillips under applicable workers' compensation laws.  *See* DI 2 at 7-9.  OWCP asserts that the government has a "statutory right to be reimbursed," and Ms. Rosa-Phillips's attorneys violated applicable laws by distributing the third-party settlement funds to her before the government received its cut.  *Id.* at 8.

Third, OWCP argues we must vacate the state court's order because it is "null and without effect."  *Id.* at 10 (quoting *In re James*, 940 F.2d 46, 52 (3d Cir. 1991)).  OWCP posits that sovereign immunity — and failing to first distribute settlement funds to the government — should have precluded the state court from granting Ms. Rosa-Phillips's petition.  *Id.* at 9-10.

---

inquiries like Ms. Rosa-Phillips's.

4

Fourth, OWCP argues it is not equitably estopped from claiming reimbursement. *Id.* at 10-11. OWCP tells us the burden of proving equitable estoppel is high, and the facts do not show "affirmative misconduct" by OWCP. *See id.*

In response, Ms. Rosa-Phillips argues that Congress waived sovereign immunity for petitions like hers under the Little Tucker Act. *See* DI 6 at 4-5.[4] She argues the lien that OWCP waived its right to is less than $10,000, thus, it is not entitled to sovereign immunity. Ms. Rosa-Phillips also advances a variety of equitable principles said to bar OWCP from obtaining relief — including untimeliness/waiver, equitable estoppel, the doctrine of unclean hands, and laches. *Id.* at 4. She does not address OWCP's argument regarding derivative jurisdiction.

OWCP replies that Ms. Rosa-Phillips's original petition sought equitable relief, and the Little Tucker Act waives sovereign immunity only for claims seeking money damages. *See* DI 7 at 2-3. And even if Ms. Rosa-Phillips's original petition claimed relief under the Little Tucker Act, OWCP argues the state court would not have had jurisdiction. *Id.* at 3. Lastly, OWCP argues Ms. Rosa-Phillips's arguments sounding in equity are inapplicable. *See id.* at 4-10.

## IV.   Standard of Review

We "always ha[ve] jurisdiction to determine [our] own jurisdiction." *United States v.*

---

[4] Ms. Rosa-Phillips cites to the Tucker Act, but the specific provision she references (as highlighted by OWCP) is commonly called the Little Tucker Act.
> Under the Tucker Act, the United States Claims Court and district courts share original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. 28 U.S.C. § 1346(a)(2) (***sometimes referred to as the "Little Tucker Act"***). Original jurisdiction over such claims seeking more than $10,000 vests exclusively in the Claims Court. 28 U.S.C. § 1491 (***the so-called "Big Tucker Act"***).

*Chabal v. Reagan*, 822 F.2d 349, 353 (3d Cir. 1987) (emphasis added). Ms. Rosa-Phillips did not argue the Little Tucker Act applies to her request for relief until she filed her opposition to OWCP's motion.

*Ruiz*, 536 U.S. 622, 628 (2002). Deciding whether subject-matter jurisdiction exists is "an independent obligation" we may undertake "even in the absence of a challenge from any party." *Hartig Drug Co. Inc. v. Senju Pharm. Co., Ltd.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: "facial" and "factual" attacks. *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Facial attacks "consider[] a claim on its face," and factual attacks allow us to "look beyond the pleadings to ascertain facts." *Id.* "The assertion of sovereign immunity as a defense is properly treated as a facial challenge." *Giovanni v. U.S. Dep't of the Navy*, 433 F. Supp. 3d 736, 741 (E.D. Pa. 2020); *see C.D.A. v. United States*, 2023 WL 2666064, at *13 (E.D. Pa. Mar. 28, 2023). Therefore, we treat OWCP's challenge as a facial attack.

The Third Circuit requires us to consider only "the allegations of the complaint and documents reference therein and attached thereto, in the light most favorable to the plaintiff," when analyzing a facial attack to subject-matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Essentially, we use the same standard of review as a motion to dismiss for failure to state a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

## V. Analysis

OWCP's approach to this case requires us to begin with derivative jurisdiction, which applies because OWCP removed this action from state court under 28 U.S.C. § 1442. DI 2 at 6.[5]

---

[5] Here, "[t]he clear federal defense of immunity combined with [Ms. Rosa-Phillips's] allegations put this case squarely under the removal jurisdiction of 28 U.S.C. § 1442." *Juste v.*

It follows that, upon removal, we acquire the jurisdiction of the state court that granted Ms. Rosa-Phillips's petition.  *See id.*  But there is no jurisdiction to acquire because OWCP argues it was entitled to sovereign immunity in the first place.  Ms. Rosa-Phillips entirely avoids the derivative jurisdiction problem.

Derivative jurisdiction originates from the Supreme Court's decision in *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, which states that "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."  258 U.S. 377, 382 (1922).  Courts have noted that Congress abrogated the doctrine of derivative jurisdiction when a party removes under "the general removal statute, *see* 28 U.S.C. § 1441(f), *but not the federal officer removal statute*, 28 U.S.C. § 1442(a)(1)."  *Rodas v. Seidlin*, 656 F.3d 610, 616 (7th Cir. 2011) (emphasis added); *see also Conklin v. Kane*, 634 F. App'x 69, 73 (3d Cir. 2015) (similar); *Selvaggio v. Horner*, 42 F. Supp. 3d 732, 734 (E.D. Pa. 2014) ("When a case is removed under § 1442(a)(1), the jurisdiction of the federal court is derivative of that of the state court.").

It is immaterial whether we assess subject-matter jurisdiction as part of our independent

---

*U.S. Postal Serv.*, 2023 WL 2599229, at *6 (E.D. Pa. Mar. 22, 2023).  But we asked OWCP at oral argument whether it followed proper procedure for removing the action to federal court.  *See* 28 U.S.C. 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed **within 30 days** after the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." (emphasis added)).  OWCP said it first found out about Ms. Rosa-Phillips's state court petition almost two years after she filed it.  It told us its backlog of cases due to the COVID-19 pandemic caused the delay, and as soon as it found out about Ms. Rosa-Phillips's state court petition, it contacted her counsel for more information.  OWCP may have missed the removal window, but we cannot be sure.

Regardless, we need not assess whether OWCP properly removed the action because we do not have subject-matter jurisdiction.

judicial obligation, or review the jurisdictional question through the lens of derivative jurisdiction. The conclusion is inescapable: we lack subject-matter jurisdiction over this action because OWCP is entitled to sovereign immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").[6] This bars us from adjudicating the action.[7]

## VI. Conclusion

We do not have subject-matter jurisdiction over this action because OWCP is entitled to

---

[6] Further, we do not agree with Ms. Rosa-Phillips that the Little Tucker Act applies and waives sovereign immunity. An "unequivocal declaration" from Congress is required for the government to abrogate its right to sovereign immunity. *Fin. Oversight & Mgmt. Bd. for P.R. v. Centro de Periodismo Investigativo, Inc.*, 598 U.S. ___ (2023) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 232 (1989)). The waiver of sovereign immunity for claims brought under the Little Tucker Act is *only* for claims seeking money damages. 28 U.S.C. § 1346(a)(2); *U.S. v. Bormes*, 568 U.S. 6, 9-10 (2012). Ms. Rosa-Phillips's state court petition requested that court to (1) compel OWCP to provide lien information, or (2) waive its right to a lien on Ms. Rosa-Phillips's settlement. *See* DI 1-3. Neither request includes a demand for money damages. Thus, the Little Tucker Act is irrelevant and does not waive OWCP's entitlement to sovereign immunity.

[7] Attempting to do so (inappropriately) would have required answering difficult questions unaddressed by the briefing such as the timing of removal (*see supra* n.5) and whether, under Federal Rule of Civil Procedure 60(c)(1), OWCP's motion was "made within a reasonable time."

We further note that we will not assess Ms. Rosa-Phillips's arguments sounding in equity without subject-matter jurisdiction. *See, e.g.*, *Sansom Comm. by Cook v. Lynn*, 735 F.2d 1535, 1538 (3d Cir. 1984) ("[A] district court cannot wield its equitable power beyond the realm of its federal subject matter jurisdiction."); *Com. of Pa., Dep't of Pub. Welfare v. U.S., Dep't of Health & Hum. Servs.*, 729 F. Supp. 1518, 1522 (W.D. Pa. 1990) ("A party cannot waive a lack of subject matter jurisdiction. *Parties cannot create subject matter jurisdiction by stipulation, by conduct, or even by estoppel*." (emphasis added)); *Gbforefront, L.P. v. Forefront Mgmt. Grp., LLC*, 2016 WL 5162252, at *7-8 (E.D. Pa. Sept. 21, 2016) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 500 (2006)) (rejecting argument that estoppel principles prevent party from raising subject-matter jurisdiction challenge because the argument "can be raised at any stage of the proceedings, even after a final judgment has been entered").

sovereign immunity.  We deny OWCP's motion as moot and dismiss the case for lack of subject-matter jurisdiction.